**No. 22-56199**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YUGA LABS, INC.,

*Plaintiff-Appellee*,

*v.*

RYDER RIPPS, JEREMY CAHEN,

*Defendants-Appellants*,

*and*

DOES 1–10,

*Defendants.*

On Appeal from the United States District Court
for the Central District of California, No. 2:22-cv-04355 (Walter, J.)

## APPELLANTS RYDER RIPPS'S AND JEREMY CAHEN'S
## MOTION FOR JUDICIAL NOTICE

THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
(650) 858-6062

HENRY M. NIKOGOSYAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
(213) 443-5316

LOUIS W. TOMPROS
ANDREW P. MELENDEZ
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6886

ANDREW K. WAKS
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6297

February 21, 2023

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

I.  THIS COURT SHOULD TAKE JUDICIAL NOTICE OF MR. RIPPS'S
    WEBSITES ........................................................................................................3

II. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF OPENSEA
    LISTINGS FOR BORED APE YACHT CLUB NFTS .................................................4

III. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN NEWS
     PUBLICATIONS AND OTHER RELEVANT REPORTING ...........................................5

IV. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE
    CONGRESSIONAL RESEARCH SERVICE REPORT ON NFTS ..................................8

CONCLUSION ...................................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

EXHIBIT A

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Daniels–Hall v. National Education Association*, 629 F.3d 992
(9th Cir. 2010) ...................................................................................8

*Estate of Fuller v. Maxfield & Oberton Holdings, LLC*,
906 F. Supp. 2d 997 (N.D. Cal. 2012).........................................5, 8

*Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633 (N.D. Cal. 2020) ...................4

*Juliana v. United States*, 2018 WL 9802138 (D. Or. Oct. 15, 2018) ........8

*Makaeff v. Trump University, LLC*, 715 F.3d 254 (9th Cir. 2013)............2

*O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007)....5

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954
(9th Cir. 2010) ...................................................................................7

*Woodside Investments, Inc. v. Complete Business Solutions Group,
Inc.*, 2020 WL 869206 (E.D. Cal. Feb. 21, 2020) ...........................3

## RULE PROVISIONS

Fed. R. of Evid. 201 ....................................................................................1

Fed. R. App. P. 27.......................................................................................1

9th Cir. R. 27-1 ...........................................................................................1

## APPELLANTS' MOTION FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellants Ryder Ripps and Jeremy Cahen respectfully move the Court to take judicial notice of facts and representations contained in certain documents included in the Excerpts of Record, and in a Congressional Research Report accompanying this Motion for Judicial Notice. Appellee Yuga Labs opposes this motion.

As Appellants' opening brief explains, Mr. Ripps is a visual artist who has repeatedly stated publicly his view that Yuga has embedded its popular Bored Ape Yacht Club non-fungible tokens (NFTs) with racist and antisemitic imagery. Appellants' Br. 1, 8-13. Along with Mr. Cahen, Mr. Ripps created the "RR/BAYC" project as a vehicle for his criticism of Yuga. *Id.* at 10-13. Among other things, that project involves the creation and sale of NFTs that Yuga alleges infringe its trademarks. *Id.* at 10-14. After Yuga brought suit against Appellants, they filed a motion to strike Yuga's state law claims under California's anti-SLAPP statute on the grounds that those claims targeted their free speech and the complaint failed to state a viable claim. *Id.* at 16. On appeal, Appellants challenge the district court's denial of that motion. *Id.* at 20-42.

In front of the district court, Appellants filed two declarations and a number of exhibits to support their motion to strike. *See* ER-15–203; *see also* ER-256–257

- 1 -

(district court docket sheet). This Court's case law provides that those materials can be relied on in answering the threshold question under the anti-SLAPP statute—i.e., whether Yuga's claims arise from conduct in furtherance of the right of free speech. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 263 n.5 (9th Cir. 2013); *see also* Appellants' Br. 6 n.2. But because many of those same documents provide generally useful background for understanding the parties' dispute and include information that bears on the *second* step of the anti-SLAPP inquiry (i.e., whether the complaint is legally sufficient), Appellants request that the Court also take judicial notice of them. Additionally, Appellants request that the Court take judicial notice of a Congressional Research Service Report (not relied on in the district court) that explains how NFTs function.

Some of the documents discussed below provide general background helpful to understanding the parties' dispute—for instance, information on how NFTs work, or images of the logos and cartoons that Ripps has criticized. Others help establish what information was in the public realm concerning Ripps's prior artistic work or his representations about the RR/BAYC project. That information bears both on the expressive content of the RR/BAYC NFTs, and on whether Appellants' sale of those NFTs was misleading or suggested that they were acting with Yuga's sponsorship. And as explained in Appellants' brief, those questions go to key issues in this case—specifically, whether the First Amendment or the

nominative fair use doctrine bars Yuga's claims.  *See* Appellants' Br. 26-36.

Although Appellants can prevail on those issues relying solely on the allegations in

the complaint and statements on https://rrbayc.com and Twitter that the complaint

incorporates by reference, the judicially noticeable exhibits discussed below

provide further support for Appellants' position.

## I.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF MR. RIPPS'S WEBSITES

A court may take judicial notice that a moving party's own "website exists

and makes certain representations … to the public."  *Woodside Invs., Inc. v.*

*Complete Bus. Sols. Grp., Inc.*, 2020 WL 869206, at *2 (E.D. Cal. Feb. 21, 2020).

Exhibits 1 (ER-25–28) and 2 (ER-29–40) are saved images of, respectively, Ryder

Ripps's websites rrbayc.com and gordongoner.com.[1]  On rrbayc.com, Ripps

provides a statement of artistic purpose to accompany the RR/BAYC project and

his NFT sales.  And on gordongoner.com, he sets forth the reasoning behind his

critique of Yuga Labs and the Bored Ape Yacht Club.  Appellants ask that the

Court take notice of the existence of both websites and the just-described

representations made on each.  While Appellants do not request that the Court take

as true any facts asserted on the two websites, they are at least relevant to

understanding Ripps's public statements about the expressive content of the

---

[1] All exhibits referenced were attached to the Tompros Declaration, which is
available at ER-20–24.

RR/BAYC project, which in turn bear at least on whether Appellants' actions were protected by the First Amendment.

Appellants likewise request that the Court take judicial notice of representations that Ripps made to his followers on his Twitter page. Specifically, he stated that (1) the purpose of selling RR/BAYC NFTs was to "bring[] light to BAYC and the nature of NFT," Exhibit 25 (ER-147–149), (2) he would mint RR/BAYC NFTs for 0.1 Ethereum, Exhibit 27 (ER-150–151), and (3) "ryder ripps bayc vision is to create an army of educators," Exhibit 28 (ER-173–174). These representations are relevant because they indicate what Ripps told purchasers about the purpose and provenance of the RR/BAYC NFTs—which bears both on their expressive content (namely, whether the NFTs expressed a message that was likely to be understood by an audience) and on whether a third-party would consider them misleading or as suggesting that Yuga was sponsoring the RR/BAYC project.

## II. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF OPENSEA LISTINGS FOR BORED APE YACHT CLUB NFTS

A court may take judicial notice of "'publicly accessible websites whose accuracy and authenticity is not subject to dispute.'" *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 648 n.4 (N.D. Cal. 2020).

OpenSea, an NFT marketplace, lists Bored Ape NFTs for sale. Each sales page includes an image of the cartoon ape associated with the listed NFT. Appellants request that the Court take judicial notice of the appearance of the two

Bored Ape cartoons reproduced in Exhibits 21 (ER-141–143) and 22 (ER-144–146). To Appellants' knowledge, the accuracy and authenticity of these OpenSea listings is not in dispute. The exhibits are relevant to understanding the background of this dispute because the appearance of Yuga's ape cartoons was a focus of Appellants' critique of the company.

## III. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN NEWS PUBLICATIONS AND OTHER RELEVANT REPORTING

A court may take judicial notice of websites or articles recounting facts that are "not reasonably subject to dispute." *Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). Appellants request that the Court take judicial notice of the following items, which are not reasonably subject to dispute and which are relevant to understanding the background of this appeal:

- Postmasters Gallery's online listing (February 28, 2015) (Exhibit 6, ER-49–52) (describing Mr. Ripps's previous appropriation art).

- Kyle Chayka, *URL to IRL: Controversial Artist Ryder Ripps Captures the Struggle of Existing on the Internet*, Complex (Mar. 3, 2015) (Exhibit 7, ER-53–62) (describing Mr. Ripps's "Alone Together" installation piece).

- Daniel Kuhn, *CryptoPunks Get Punked*, yahoo!finance (July 6, 2021) (Exhibit 8, ER-69) (explaining the operation of NFTs).

- *Hate Symbol: 18*, Anti-Defamation League (May 3, 2022) (Exhibit 9, ER-70–72) (explaining white supremacists' use of "18" as a hate symbol).

- Daniel Rueda, *Neoecofascism: The Example of the United States*, 14:2 J. Study Radicalism 95 (2020) (Exhibit 10, ER-89) (explaining alt-right groups' use of the phrase "Surf the Kali Yuga"); *The Secret Histories of the Radical Right on 4chan/pol*, Digital Methods Initiative (Exhibit 11, ER-107–109, 113–115, 117–118) (same); *The Alt-Right Apocalypse*, The Marginalia Review of Books (Aug. 17, 2017) (Exhibit 12, ER-120–124) (same).

- *Bored Ape Yacht Club Finally Responds to Neo-Nazism Accusations*, Input Magazine (Feb. 1, 2022) (Exhibit 20, ER-128) (reproducing the Bored Ape Yacht Club logo and the Nazi Schutzstaffel Totenkopf); gordongoner.com (Exhibit 2, ER-33) (same).

- Sander Lutz, *Bored Ape Yacht Club's Creators Declared War on a Vocal Critic.  Could it Backfire?*, Decrypt (July 3, 2022) (Exhibit 30, ER-183) (reproducing Ripps's RR/BAYC logo); https://rrbayc.com (Exhibit 1, ER-26) (same).

Even where publications do not recount indisputable facts subject to judicial notice, a court may still "take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Appellants request that the Court take judicial notice of the following pieces of reporting as evidence of what was in the public realm at the time of their publication:

- Adrian Chen, *Ryder Ripps: An Artist of the Internet*, N.Y. Times (July 8, 2014) (Exhibit 3, ER-41–43) (profiling Ripps as an artist).

- 30 Under 30 – Art & Style: Ryder Ripps, Forbes (2016) (Exhibit 4, ER-44–45) (same).

- Daniel Kuhn, *CryptoPunks Get Punked*, yahoo!finance (July 6, 2021) (Exhibit 8, ER-67–69) (describing Ripps's prior artistic work with NFTs).

- *Bored Ape Yacht Club Finally Responds to Neo-Nazism Accusations*, Input Magazine (Feb. 1, 2022) (Exhibit 20, ER-132) (recounting public scrutiny of Bored Ape imagery).

- Matthew Denis, *Bored Ape Yacht Club Wants Ryder Ripps to Cease and Desist*, The Manual (July 14, 2022) (Exhibit 31, ER-196) (recounting Mr. Ripps's stated purposes for the RR/BAYC project).

Those documents help establish the public's knowledge of several subjects: Ripps's artistic background, the stated purposes of the RR/BAYC project, and existing criticism of the Bored Ape Yacht Club. The public's awareness of those issues is relevant to assessing whether the public would have understood the RR/BAYC project's message, and whether the project was misleading or suggested Yuga's sponsorship.

**IV.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE CONGRESSIONAL RESEARCH SERVICE REPORT ON NFTS**

"The Court may … take judicial notice of information posted on government websites." *Estate of Fuller*, 906 F. Supp. 2d at 1003-1004 (citing *Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.")).

Because understanding the nature of both the alleged infringement in this case and Mr. Ripps's artistic criticism requires some familiarity with the way that NFTs operate, Appellants request that the Court take judicial notice of background information contained in the Congressional Research Service's Report on NFTs. *See, e.g.*, *Juliana v. United States*, 2018 WL 9802138, at *2 (D. Or. Oct. 15, 2018) (collecting district court cases from the Ninth Circuit taking judicial notice of

- 8 -

Congressional Research Service reports).  That report is attached to this motion as Exhibit A.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court grant their motion for judicial notice.

Respectfully submitted,

/s/ Louis W. Tompros

THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
(650) 858-6062

HENRY M. NIKOGOSYAN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
(213) 443-5316

February 21, 2023

LOUIS W. TOMPROS
ANDREW P. MELENDEZ
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6886

ANDREW K. WAKS
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6297

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(c)(1), the undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

1.     Exclusive of the exempted portions of the motion, as provided in Fed. R. App. P. 27(a)(2)(B), the motion contains 1,794 words.

2.     The motion has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14 point Times New Roman font.  As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/  Louis W. Tompros
LOUIS W. TOMPROS

February 21, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2023, I electronically filed

the foregoing with the Clerk of the Court for the United States Court of Appeals

for the Ninth Circuit using the appellate CM/ECF system.  Counsel for all parties

to the case are registered CM/ECF users and will be served by the appellate

CM/ECF system.

/s/  Louis W. Tompros
LOUIS W. TOMPROS