*No. 22-56199*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

YUGA LABS, INC.,

*Plaintiff-Appellee,*

v.

RYDER RIPPS, JEREMY CAHEN,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Central District of California
Case No. 2:22-cv-04355-JFW-JEM
Hon. John F. Walter

## OPPOSITION OF YUGA LABS, INC. TO
## MOTION FOR JUDICIAL NOTICE

ERIC BALL
KIMBERLY CULP
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
650.988.8500

TODD R. GREGORIAN
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
415.875.2300

*Attorneys for Plaintiff-Appellee Yuga
Labs, Inc.*

## DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Plaintiff-Appellee Yuga Labs, Inc. certifies that it has no parent corporation and no publicly held corporation owns 10% or more of its stock.


March 3, 2023                            FENWICK & WEST LLP


                                         */s/ Todd R. Gregorian*
                                         Todd R. Gregorian

                                         *Attorneys for Plaintiff-Appellee Yuga Labs,
                                         Inc.*

i

# TABLE OF CONTENTS

PAGE(S)

DISCLOSURE STATEMENT ........................................................................i

TABLE OF AUTHORITIES ........................................................................ iii

    A.    The Court should deny the request for judicial notice as an improper attempt to circumvent the district court and introduce irrelevant new evidentiary facts on appeal. ................2

    B.    The Court should deny the request because none of the materials are subject to judicial notice.......................................4

CONCLUSION ...........................................................................................8

CERTIFICATE OF COMPLIANCE........................................................9

CERTIFICATE OF SERVICE ................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                            **PAGE(S)**

*Fassett v. Delta Kappa Epsilon,*
807 F.2d 1150 (3d Cir. 1986) ................................................. 2

*Gerritsen v. Warner Bros. Entm't. Inc.,*
112 F. Supp. 3d 1011 (C.D. Cal. 2015) .................................. 5

*Hernandez v. Path,*
No. 12–CV–01515, 2012 WL 5194120 (N.D. Cal. Oct. 19, 2012) ..................... 6

*Khoja v. Orexigen Therapeutics, Inc.,*
899 F.3d 988 (9th Cir. 2018) ............................................. 3, 4

*Koenig v. USA Hockey, Inc.,*
2:09-cv-1097, 2010 WL 4783042 (S.D. Ohio June 14, 2010) ............... 5

*Lee v. City of L.A.,*
250 F.3d 668 (9th Cir. 2001) ............................................. 7, 8

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
890 F.3d 828 (9th Cir.), *amended,* 897 F.3d 1224 (9th Cir. 2018) ................. 3, 4

*Ruiz v. Gap, Inc.,*
540 F. Supp. 2d 1121 (N.D. Cal. 2008) ................................ 5

*Schechter v. Smith,*
No. CV-09-1653, 2011 WL 13174954 (C.D. Cal. Dec. 6, 2011) ............. 7

*U.S. v. Friday,*
525 F.3d 938 (10th Cir. 2008) ........................................... 7

*Victaulic Co. v. Tieman,*
499 F.3d 227 (3rd Cir. 2007) ............................................. 5

*Woodside Invs., Inc. v. Complete Bus. Sols. Grp., Inc.,*
No. 2:20-cv-00042, 2020 WL 869206 (E.D. Cal. Feb. 21, 2020) ............. 6

**STATUTES**

Cal. Civ. Proc. Code § 425.16(b)(1) ...................................... 1

**RULES**

Fed. R. Evid. 201(b) ................................................... 4, 5, 6, 7

This appeal concerns the denial of a special motion to strike claims from Plaintiff-Appellee Yuga Labs, Inc.'s complaint against Defendants-Appellants Ryder Ripps and Jeremy Cahen. The district court denied the motion on the sole ground that the Defendants failed to establish their use of Yuga Labs' trademarks to sell knock-off NFTs ("non-fungible tokens") was a protected activity under the California anti-SLAPP statute. *See* ER12-14; Cal. Civ. Proc. Code § 425.16(b)(1). Because it denied the motion on this basis, the district court technically did not reach the second prong of the anti-SLAPP inquiry, which would have required Yuga Labs to demonstrate that the complaint is legally sufficient. But in a separate and unappealable portion of its order, the district court denied the Defendants' Rule 12(b)(6) motion to dismiss, holding that Yuga Labs had sufficiently stated all its claims for relief. ER5-12.

On appeal, Ripps and Cahen ask this Court not just to reverse the district court's anti-SLAPP ruling, but also to rule in the first instance that Yuga's complaint failed to properly allege any of the challenged state law claims, and thus that the district court on remand must grant the motion to strike. To support this request, Defendants ask this Court to conduct its own fact finding by taking judicial notice of twenty exhibits and an unspecified number of related "facts," including statements from Ripps' personal websites, social media posts, listings from an online marketplace, twelve news articles, and a Congressional Research Service report

1

concerning NFTs. Ripps and Cahen never requested judicial notice of these documents at the district court, and those that they submitted as "evidence" below remain subject to Yuga Labs' evidentiary objections.

The Court should therefore deny the request for judicial notice on the grounds that (1) it is an improper attempt to circumvent the district court, and (2) none of the materials meet the standard for judicial notice.

### A. The Court should deny the request for judicial notice as an improper attempt to circumvent the district court and introduce irrelevant new evidentiary facts on appeal.

"The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir. 1986). Because Ripps and Cahen did not ask the district court to take judicial notice of the proffered materials, their motion on appeal implores the Court to find new facts and rule in the first instance—or, more accurately, to assign error to the unappealable Rule 12(b)(6) portion of the district court's order—based on them. Such a request is fundamentally at odds with the purpose of appellate review and should be rejected out of hand.

Moreover, even if this Court were to reach the issue of the sufficiency of Yuga Labs' pleading, none of the materials are relevant. Because Ripps and Cahen's motion to strike challenged the legal sufficiency of the complaint, the law of this Circuit directed the district court to evaluate it under the Rule 12(b)(6) standard. *See*

2

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ("[W]e hold that, on the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated."). And as general rule, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Here, Ripps and Cahen's documents clearly fall within that general rule. They are offered to disprove allegations in the complaint that Ripps' motivation for using the BAYC Marks[1] to sell the knock-off NFTs was to cause consumer confusion and profit personally, and to prove disputed facts completely extrinsic to the complaint, such as Ripps' assertions that he is an acclaimed conceptual artist, that he truly believes the false claims he has concocted and spread concerning the BAYC Marks and Bored Ape Yacht Club images, that his use of the BAYC Marks was not misleading to consumers who followed him on Twitter, and so forth. This is not "information that bears on the second step of the anti-SLAPP inquiry (i.e., whether the complaint is legally sufficient)," as Defendants claim. Mot. at 2. It is disputed

---

[1] The "BAYC Marks" at issue in this case are defined in Paragraph 11 of the Complaint, ER207, as "Yuga Labs' BORED APE YACHT CLUB, BAYC, BORED APE, APE, BA YC Logo, BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo trademarks."

"evidence" beyond the face of the complaint that may not be considered by the district court or this Court. *See Planned Parenthood*, 890 F.3d at 834.

### B. The Court should deny the request because none of the materials are subject to judicial notice.

This Court has recently warned district courts that the "overuse and improper application" of judicial notice can result in "unintended and harmful results." *Khoja*, 899 F.3d at 998. A court may judicially notice only "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Khoja*, 899 F.3d at 999. Here the documents and statements at issue clearly fail this standard. And while Defendants repeat throughout their discussion that the documents could nonetheless provide innocuous "background" information (Mot. at 2, 5, 8), the only reason to request the Court treat them as judicially noticeable facts rather than simply review them in the record is to bypass Yuga Labs' evidentiary objections and attempt improperly to "prove" the insufficiency of the complaint using extrinsic evidence. The Court should deny the request in its entirety.

*Personal Websites and Social Media Posts* (Exhibits 1-2, 25, 27-28).[2] These exhibits purport to be saved images of Ripps' own statements made via websites

---

[2] Defendants' opening brief argues separately that some of these materials are incorporated by reference into the complaint. Opening Brief ("OB") at 11 n.4, 28 n.10; *see also* Mot. at 3 (claiming that "Appellants can prevail . . . relying solely on

maintained by him at rrbayc.com and gordongoner.com, and copies of posts from his and Cahen's Twitter accounts. As a general matter, the contents of websites and social media posts are neither "generally known" nor "unquestionably accurate." *See* Fed. R. Evid. 201(b). Indeed, a sister Circuit has noted that courts "should be wary of finding judicially noticeable facts amongst all the fluff; private [] websites, particular when describing their own business, generally are not the sorts of 'sources whose accuracy cannot be reasonably questioned [.]'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 236-37 (3rd Cir. 2007) (citation omitted).[3]

Here, Defendants specifically attempt to offer evidence of their own public statements to prove that Mr. Ripps had previously criticized Yuga Labs, that he believed his own false claims that Yuga Labs had adopted racist imagery, and thus that he was motivated to sell knock-off NFT's using the BAYC Marks to "criticize" (i.e., harm) the company. Mot. at 3-4; *see also* OB9, 11, 28, 32, 34, 36. The social media posts are additionally offered to prove that the public (or at least those who

---

the allegations in the complaint and statements on https://rrbayc.com and Twitter that the complaint incorporates by reference . . .").

[3] *See also Gerritsen v. Warner Bros. Entm't. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) ("Federal Courts [] have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation"); *Koenig v. USA Hockey, Inc.*, 2:09-cv-1097, 2010 WL 4783042, at *3 (S.D. Ohio June 14, 2010) ("federal courts should be very reluctant to take judicial notice of information or documents that appear exclusively on websites which have been created and are maintained by one of the parties to a case unless that party is a governmental body and the website is maintained not to further the business interests of the party but to provide a source of public information."); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008) (holding that information from website was not "remotely akin to the type of facts which may be appropriately judicially noticed."). Yuga Labs will address this argument in its response brief.

had seen the posts) allegedly would not have been confused by Defendants' use of BAYC Marks. Mot. at 4; *see also* OB9. These are all disputed extrinsic facts, irrelevant under the 12(b)(6) standard and inappropriate for judicial notice, and subject to Yuga Labs' objections that they are improper hearsay and prejudicial to Yuga Labs, and were not properly authenticated. ER257 (*see* Dist. Ct. Dkt. No. 54).[4]

*OpenSea Marketplace Listings* (Exhibits 21-22). These documents purport to be listings from an NFT marketplace known as OpenSea, and Defendants have pulled images from them as supposed proof of Mr. Ripps' theories about Yuga Labs. Mot. at 4-5; OB8. As with other webpages, pages pulled from internet marketplaces are not generally known nor unquestionably accurate. *See* Fed. R. Evid. 201(b); *Hernandez v. Path*, No. 12–CV–01515, 2012 WL 5194120, at *2 (N.D. Cal. Oct. 19, 2012) (denying request for judicial notice of marketplace websites and screenshots). And while Defendants state in their motion that "[t]o Appellants' knowledge, the accuracy and authenticity of these OpenSea listings is not in dispute," (Mot. at 5), Yuga Labs expressly objected to these documents below on the grounds that they were not properly authenticated at the district court. ER257; Dist. Ct. Dkt. No. 54 at 25–26. The Court should decline to notice these documents.

---

[4] The Defendants' reliance on the district court order in *Woodside Invs., Inc. v. Complete Bus. Sols. Grp., Inc.*, No. 2:20-cv-00042, 2020 WL 869206, at *2 (E.D. Cal. Feb. 21, 2020) is misplaced, as the request for judicial notice in that case was unopposed.

*News Articles* (Exhibits 3-4, 6-12, 20, 30-31). Defendants offer a series of purported news articles and reports in support of the claims previously mentioned, as well as to make various claims about Mr. Ripps' notoriety as a conceptual artist. Mot. at 8. Again, these documents are neither generally known nor unquestionably accurate. *See* Fed. R. Evid. 201(b); *see also U.S. v. Friday*, 525 F.3d 938, 958 n.10 (10th Cir. 2008). Furthermore, newspaper articles are inadmissible hearsay, and therefore they are not suitable for judicial notice to establish the truth of the statements they contain. *See Schechter v. Smith*, No. CV-09-1653, 2011 WL 13174954, at *7 (C.D. Cal. Dec. 6, 2011) (news articles not appropriate for judicial review where the proponent "seek[s] to have the [c]ourt consider the contents of [the] articles as making true statements . . . ."). Yuga Labs objected to these same documents below on this ground, as well as because they were not authenticated. The Court should decline to take judicial notice of these documents as well.

*Congressional Research Service Report* (Exhibit A)*.* Finally, the Court should decline to take notice of the CRS report concerning NFTs. Defendants do not ask this Court to take notice of the mere fact that the report issued, but rather the truth of unspecified factual assertions about NFTs made in the report.[5] That is improper. *See Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001). CRS reports

---

[5] While the opening brief cites several statements from the Report (OB5), Defendants have not limited their request to those statements.

are authored by staff—in this case, by just a single individual (*see* Report at 21)—at the request of one or more members of Congress. They are routinely subject to significant revisions, a distinct potential here given that NFTs are part of a nascent industry that Congress has only just begun to consider regulating. Indeed, the Report is marked as "Version 1 – New" and bears a disclaimer that it "should not be relied upon" for any purpose other than understanding what CRS has told Congress. *Id.* Defendants contend that the report includes useful "background information" about NFTs, but they did not provide the report to the district court, and even if they had, the district court could not have accepted the report's assertions as true in assessing the sufficiency of the complaint. *See Lee*, 250 F.3d at 690.

## CONCLUSION

For the foregoing reasons, Yuga Labs respectfully requests that this Court deny the request for judicial notice.

March 3, 2023                         FENWICK & WEST LLP


By:  /s/Todd R. Gregorian
Todd R. Gregorian

*Attorneys for Plaintiff-Appellee*
*Yuga Labs, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(c)(1), the undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

1.   Exclusive of the exempted portions of the motion, as provided in Fed. R. App. P. 27(a)(2)(B), the motion contains 2112 words.

2.   The motion has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

March 3, 2023                    FENWICK & WEST LLP


                                 By:  /s/Todd R. Gregorian
                                      Todd R. Gregorian

                                 *Attorneys for Plaintiff-Appellee*
                                 *Yuga Labs, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

March 3, 2023                      FENWICK & WEST LLP


By:  /s/Todd R. Gregorian
      Todd R. Gregorian

*Attorneys for Plaintiff-Appellee*
*Yuga Labs, Inc.*

10