**WILMERHALE**

May 12, 2023

**Louis W. Tompros**

+1 617 526 6886 (t)
+1 617 526 5000 (f)
louis.tompros@wilmerhale.com

<u>VIA CM/ECF</u>

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Yuga Labs, Inc. v. Ripps*, No. 22-56199 – Response to FRAP 28(j) Letter

Dear Ms. Dwyer,

      I respond to Yuga's belated FRAP 28(j) letter regarding *Gunn v. Drage*, 65 F.4th 1109 (9th Cir. 2023).[1] *Gunn* is marginally relevant and distinguishable. Regardless, the language Yuga relies on is both dicta and inconsistent with binding authority.

      *First*, Appellants should prevail at anti-SLAPP Prong 1 even if this Court only reviews the allegations of the complaint and other material that can be considered at 12(b)(6). Reply Br. 5.

      *Second*, *Gunn* only addresses the *Erie* concerns raised when a district court resolves a near-identical issue at both Prong 1 and Prong 2 (e.g., litigation privilege). 65 F.4th at 1120. Here, this Court has made clear that the free speech analysis at Prong 1 and the First Amendment analysis at Prong 2 are distinct and a defendant can prevail on the former but not the latter. Reply Br. 12.

      *Third*, the cited passage from *Gunn* is classic dicta—i.e., a statement "'made during the course of delivering a judicial opinion'" that "'is unnecessary to the decision in the case and [is] therefore not precedential.'" *Cetacean Community v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004). *Gunn* ultimately concluded the defendant *could* rely on extrinsic evidence at Prong 1 because she was pursuing a summary-judgment-like anti-SLAPP motion. 65 F.4th at 1118-1120. The panel thus had no need to address the scenario here, where Appellants filed a 12(b)(6)-like motion.

      Even if *Gunn* were not dicta, it cannot "circumvent … the decision of a prior panel." *U.S. v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992). In 2013, this Court held—without limitation—that a defendant *can* rely on extrinsic evidence at Prong 1. Reply Br. 5-6 (discussing *Makaeff*).

---

[1] Although *Gunn* issued three weeks ago, Yuga waited until the day after Appellants filed their reply brief to bring it to this Court's and Appellants' attention. Indeed, Yuga drafted the letter before the F.4th citation was even available. This kind of gamesmanship is inconsistent with FRAP 28(j)'s instruction to "promptly" file such letters.

WILMERHALE

Molly C. Dwyer
May 12, 2023
Page 2

That neither the *Gunn* decision nor the underlying briefing even mentioned *Makaeff*'s holding underscores that the language Yuga highlights is under-reasoned dicta.

Respectfully submitted,

/s/ *Louis W. Tompros*
Louis W. Tompros

cc: Counsel of Record (via ECF)