**WILMERHALE**

September 5, 2023

**Louis W. Tompros**

+1 617 526 6886 (t)
+1 617 526 5000 (f)
louis.tompros@wilmerhale.com

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Yuga Labs, Inc. v. Ripps*, No. 22-56199 – FRAP 28(j) Letter

Dear Ms. Dwyer,

I write regarding *Punchbowl, Inc. v. AJ Press, LLC*, 2023 WL 5660057 (9th Cir. Sept. 1, 2023). That order (1) withdrew the panel's earlier decision of the same name and (2) announced the matter would be set for re-argument in light of *Jack Daniel's*. The order has no direct effect on this case.

*First*, the facts of *Punchbowl* are quite different, as it did not involve criticism/satire, but rather the use of "'a common English word,' … to describe two different enterprises that do very different things." 52 F.4th 1091, 1101 (9th Cir. 2022). Here, in contrast, Appellants used Yuga's marks to criticize/satirize Yuga's antisemitic and racist imagery. Dkt. 39 at 1.

*Second*, while Appellants cited *Punchbowl* for four legal propositions, each point remains good law. Specifically:

- A creative work can be protected by the First Amendment even if it is sold commercially. *Compare* Appellants' Br. 25 *with Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 907 (9th Cir. 2002).

- The *Rogers* test requires a plaintiff claiming that an expressive work infringes its trademark show either the use of the trademark (1) is not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work. *Compare* Appellants' Br. 27 *with, e.g., Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018).[1]

- An expressive work is less likely to be explicitly misleading when it clearly discloses its origins. *Compare* Appellants' Br. 32 *with Dr. Seuss Enters., L.P. v. ComicMix*

---

[1] Appellants' opening brief (at 27) erroneously listed *Rogers* as a Ninth Circuit decision in a citing parenthetical. *Rogers* has been adopted by the Ninth Circuit, but was decided by the Second. *E.g., Gordon*, 909 F.3d at 260-261.

WILMERHALE

Molly C. Dwyer
September 5, 2023
Page 2

> *LLC*, 983 F.3d 443, 463 (9th Cir. 2020) (holding book not "explicitly misleading" where, *inter alia*, "cover conspicuously list[ed]" its authors).

- The *Sleekcraft* likelihood-of-confusion test is different—and easier to satisfy—than the "explicitly misleading" prong of *Rogers*. *Compare* Appellants' Reply Br. 25-26 *with Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1192, 1199 (9th Cir. 2017).

Respectfully submitted,

/s/ *Louis W. Tompros*
Louis W. Tompros


cc: Counsel of Record (via ECF)

# EXHIBIT A

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PUNCHBOWL, INC., a Delaware corporation, | No. 21-55881 |
| *Plaintiff-Appellant*, | D.C. No. 2:21-cv-03010-SVW-MAR |
| v. | |
| AJ PRESS, LLC, a Delaware limited liability company, | ORDER |
| *Defendant-Appellee.* | |

Filed September 1, 2023

Before: John B. Owens and Daniel A. Bress, Circuit Judges, and Sidney A. Fitzwater,[*] District Judge.

---

**ORDER**

In light of the Supreme Court's decision in *Jack Daniel's Properties, Inc. v. VIP Products, LLC*, 599 U.S. 140 (2023), the decision in this case, *Punchbowl, Inc. v. AJ Press, LLC*, 52 F.4th 1091 (9th Cir. 2022), is withdrawn. This matter will be set for re-argument via separate order.

---

[*] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.