

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Todd R. Gregorian
tgregorian@fenwick.com | 415.875.2402

September 8, 2023

**Filed Electronically VIA ECF**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: <u>Yuga Labs, Inc. v. Ripps, et al.</u>, Case No. 22-56199

Yuga Labs responds to Appellants' notice under Rule 28(j) concerning *Punchbowl, Inc. v. AJ Press, LLC*, 2023 WL 5660057 (9th Cir. Sept. 1, 2023).

In the order, the panel vacated its decision in *Punchbowl, Inc. v. AJ Press, LLC*, 52 F.4th 1091, 1098 (9th Cir. 2022) in light of the Supreme Court's decision in *Jack Daniel's Properties, Inc. v. VIP Products, LLC*, 599 U.S. 140, 143 S. Ct. 1578, (2023).

In *Punchbowl*, the Court had held that a source-identifying use of a mark in a commercial context was nonetheless subject to the *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) test concerning artistic uses of a mark. *Punchbowl, Inc.,* 52 F.4th 1091 at 1098. It did so based on a ruling that the source-identifying use of the mark also contained expressive elements, because, *inter alia*, the mark was used to promote news articles protected by the First Amendment and to evoke a D.C. insider theme consistent with the reported news material. *Id.* The panel vacating the decision reflects that, consistent with *Jack Daniel's*, those elements are now irrelevant to the application of the *Rogers* test when the use of the mark is commercial and source-identifying.

Sincerely,

FENWICK & WEST LLP

*/s/ Todd R. Gregorian*

Todd R. Gregorian

cc: All Counsel of Record