**WILMERHALE**

October 9, 2023

**Louis W. Tompros**

+1 617 526 6886 (t)
+1 617 526 5000 (f)
louis.tompros@wilmerhale.com

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:  *Yuga Labs, Inc. v. Ripps*, No. 22-56199 – Response to FRAP 28(j) Letter

Dear Ms. Dwyer,

        I respond to Yuga's FRAP 28(j) letter regarding the two *Martinez* concurrences.

        The unanimous *Martinez* majority opinion—authored by Judge McKeown and joined by Judge Desai—holds that *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003), and its progeny permitting the immediate appeal of the denial of a California anti-SLAPP motion remain good law.  Maj. Op. 9.  In so holding, *Martinez* joins an unbroken line of cases reaffirming the *Batzel* rule.  *See Langer v. Kiser*, 57 F.4th 1085, 1104 (9th Cir. 2023); *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017); *DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1015-1016 (9th Cir. 2013); *see also CoreCivic, Inc. v. Candide Grp.*, 46 F.4th 1136, 1146 (9th Cir. 2022) (Bea, J., dissenting) ("I agree with the majority that California's anti-SLAPP motion is applicable in federal court.").

        Even if this case law were not binding, *Batzel*'s logic remains sound.  Anti-SLAPP denials are distinct from the merits because they "determine whether" a claim is "designed to chill [the] valid exercise of [a defendant's] First Amendment rights," not whether the defendant is liable to the plaintiff.  *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1185 (9th Cir. 2013) (Wardlaw and Callahan, JJ., concurral).  The Supreme Court has repeatedly upheld the use of the collateral order doctrine in similar contexts, where "'a reviewing court must consider the plaintiff's factual allegations'" to determine whether an immunity applies (e.g., qualified immunity, double jeopardy).  *Id.* at 1186.

        Moreover, anti-SLAPP denials are effectively unreviewable after final judgment because the anti-SLAPP statute "shield[s] defendants from the undue burden of defending against claims filed … to intimidate or harass on the basis of" protected speech.  *Barry v. State Bar of Cal.*, 2 Cal. 5th 318, 325 (2017).  That protection is illusory if a defendant must endure meritless, speech-chilling litigation before it can be invoked.  It is for precisely that reason that California law expressly confers a right of immediate appeal.  *See Englert v. MacDonell*, 551 F.3d 1099, 1105-1107 (9th Cir. 2009) (California's immediate appeal rule shows the law confers a "right not to be tried").

WILMERHALE

Molly C. Dwyer
October 9, 2023
Page 2


Respectfully submitted,

/s/ *Louis W. Tompros*
Louis W. Tompros


cc: Counsel of Record (via ECF)