**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUGA LABS, INC., | No. 22-56199 |
| Plaintiff-Appellee, | D.C. No. 2:22-cv-04355-JFW-JEM |
| v. | |
| RYDER RIPPS; JEREMY CAHEN, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| DOES, 1-10, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 16, 2023
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Yuga Labs, Inc. brought this suit against Ryder Ripps and Jeremy Cahen for their alleged misuse of Yuga Labs' trademarks under federal and state law. Ripps

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and Cahen appeal the district court's order denying their motion to strike Yuga Labs' state-law claims under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. *See* Cal. Civ. Proc. Code § 425.16(b)(1). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under the collateral order doctrine. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832 (9th Cir. 2018), *amended by* 897 F.3d 1224 (9th Cir. 2018). We review a district court's denial of an anti-SLAPP motion de novo. *Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023). We affirm.

California's anti-SLAPP statute requires a court to strike "[a] cause of action against a person arising from any act of that person in furtherance of the person's" free speech rights "in connection with a public issue . . . , unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). The statute requires a two-step analysis. First, the defendant must "make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017). As relevant here, an "act in furtherance" includes "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of

public interest." Cal. Code Civ. Proc. § 425.16(e)(4). Second, if the defendant makes this prima facie showing, "the plaintiff must then demonstrate a probability of prevailing on the challenged claim." *Jordan-Benel*, 859 F.3d at 1188.

The district court correctly determined that the anti-SLAPP motion failed at the first step of the analysis because Yuga Labs' claims did not arise from acts Ripps took in furtherance of his right of free speech. According to the complaint, the alleged conduct underlying Yuga Labs' state-law causes of action is Ripps's appropriation of Yuga Labs' Bored Ape Yacht Club trademarks to sell Ripps's infringing non-fungible tokens. While Ripps's broader artistic project may further his rights of free speech, it "merely provide[s] context" for the alleged conduct underlying Yuga Labs' claims. *Bonni v. St. Joseph Health Sys.*, 491 P.3d 1058, 1068 (Cal. 2021). Ripps's free speech activity may be relevant to those claims, but it is not the basis for them. *See Jordan-Benel*, 859 F.3d at 1190 ("[E]ven if a defendant engages in free speech activity that is relevant to a claim, that does not necessarily mean such activity is the basis for the claim.").[1]

**AFFIRMED.**

---

[1] We deny Ripps's and Cahen's motion for judicial notice.